**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **File No. 1:08-CR-29** |
| | : | |
| **MALIK CRAWFORD-BEY,** | : | |
| **Defendant** | : | |

**RULING ON MOTION TO DISMISS FOR VIOLATION**
**OF DEFENDANT'S SPEEDY TRIAL RIGHTS**
(Doc. 56)

On February 10, 2009, defense counsel filed a motion to dismiss for violation of

defendant's speedy trial rights.  First, defendant contends the 33 days between the

filing of the indictment and the defendant's arraignment should be included within the

seventy-day period during which trial must commence.  The statute governing speedy

trial time limits and exclusions, Title 18, United States Code, sec. 3161, states:

> In any case in which a plea of not guilty is entered, the trial
> of a defendant charged in an . . . indictment with the
> commission of an offense shall commence within seventy
> days from the filing date (and making public) of the . . .
> indictment, or from the date the defendant has appeared
> before a judicial officer of the court in which such charge is
> pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (2008) (emphasis added).  In this case, the indictment was filed

March 20, 2008.  Defendant's first appearance before a judicial officer was April 22,

2008.  Accordingly, the seventy-day speedy trial clock started April 22, 2008.

Second, counsel states defendant has either directly or indirectly asserted his

speedy trial rights at various times throughout the pendency of this case, has

1

challenged one or more motions for continuance filed by counsel, and infers the recent

brief continuance of trial must be considered in the calculation.

The Court has reviewed the docket sheet and provides the following summary

relating to non-excludable speedy trial time in this case.[1]

| | |
|---|---|
| 3/20/2008 | Indictment filed |
| 4/22/2008 | Dft's first appearance before a judicial officer; **70-day speedy trial period begins** |
| 4/22/2008 | Criminal Pretrial Scheduling Order (Doc. 9) – motions due 6/23/2008. **Excludable period of delay 4/22/2008 - 6/23/2008** |
| 6/20/2008 | Motion for Disclosure of Grand Jury Information and Authority (Doc. 11)<br><br>Motion to Dismiss Indictment Pursuant to the Fifth and Sixth Amendments and the Jury Selection and Service Act (Doc. 12)<br><br>Motion to Join in Jury Challenges (Doc. 13)<br><br>**Clock stops until motions are ruled upon** |
| 6/23/2008 | Order (Doc. 15) granting Motion to Join in Jury Challenges |
| 7/1/2008 | Consolidated hearing on Motion to Dismiss Indictment Pursuant to Fifth and Sixth Amendments and the Jury Selection and Service Act; post hearing memos due 7/15/2008. |
| 8/5/2008 | Opinion and Order (Doc. 25) denying Motion to Dismiss Indictment |
| 8/13/2008 | Order (Doc. 26) denying Motion for Disclosure of Grand Jury Information and Authority |
| 8/14/2008 | **Clock starts** – <u>**First non-excludable day**</u> |

---

[1] It should be noted that the Court does not consider the excludable period of delay (November 21, 2008 through the date of the first criminal jury drawing after December 9, 2008) set pursuant to the Order (Doc. 35) granting counsel's motion to continue (Doc. 34) as time to be excluded from the speedy trial clock. After the Order was issued, the Court received a letter from defendant stating he did not consent to the continuance. (Doc. 48.) For the same reason, the Court does not consider the clock to have automatically stopped with the filing of a subsequent motion to continue on December 12, 2008. (Doc. 38.)

| 8/15/2008 | Motion to Withdraw as Attorney (Doc. 27)   **Clock stops** |
|---|---|
| 8/20/2008 | Hearing on motion to withdraw; dft requests hearing be continued. Ruling deferred.  Counsel to inform Court by 9/4/2008 if dft wishes new counsel or if motion will be withdrawn. |
| 9/4/2008 | Notice of intent to proceed with new counsel (Doc. 30) |
| 9/8/2008 | Order (Doc. 31) granting motion to withdraw as counsel.  **Time to be excluded: 8/15/2008 (date motion was filed) through 60 days after appointment of counsel.** |

9/9/2008     Substitute counsel appointed.  **Clock stopped 8/15/2008 through 11/7/2008 (60 days after app't of counsel)**

| | |
|---|---|
| 9/9/2008 - 9/30/2008: | 22 days |
| 10/1/2008 - 10/31/2008: | 31 days |
| 11/1/2008 - 11/7/2008: | 7 days |
| | 60 days |

11/8/2008     **Clock starts and continues to run through 12/28/2008 (motion filed 12/29/2008)**

| | |
|---|---|
| 11/8/2008 - 11/30/2008: | 23 days |
| 12/1/2008 - 12/28/2008: | 28 days |
| **Non-excludable:** | **51 days** |

12/29/2008     Motion to Waive Jury Trial (Doc. 40) – **clock stops until motion is ruled upon**

1/5/2009     Pretrial conference; dft's motion to waive jury trial granted; trial by court set for 1/9/2009.  Counsel jointly request 4-wk. continuance; request granted.  Trial to begin 2/5/2009.  **Dft agrees time to be excluded 1/5/2009 through 2/5/2009.**

1/30/2009     Counsel informed 2/5/2009 trial date will be continued until 2/11/2009.

2/6/2009     **Clock starts 2/6/2009 and runs through 2/9/2009 (motions filed 2/10/2009)**

2/6/2009 - 2/9/2009:  **Non-excludable    4 days**

2/10/2009     Defense motions filed (Docs. 55-62) – **clock stops**

2/11/2009     Trial commenced.

**Summary re: Non-Excludable Time**

| | |
|---|---|
| 8/14/2008: | 1 day |
| 11/8/2008 - 12/28/2008: | 51 days |
| 2/6/2009 - 2/9/2009: | 4 days |
| **Total Non-Excludable Time:** | **56 days** |

The docket reflects the trial in this case commenced within seventy days from the date the defendant first appeared before a judicial officer of the United States District Court for the District of Vermont. Accordingly, the motion to dismiss for violation of defendant's speedy trial rights is DENIED.

Dated at Brattleboro, in the District of Vermont, this 13th day of February, 2009.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge